UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SPECIALIZED TRANSPORT SERVICE, INC., § § § § Plaintiff, § § v. § § DIAMOND TRANSPORTATION SYSTEMS, INC., § § § § Defendant. § | CIVIL ACTION NO. SA-09-CA-0200 NN |

## ORDER GRANTING MOTION TO COMPEL ARBITRATION

This order addresses plaintiff Specialized Transport Service's (Specialized Transport) motion to compel arbitration.[1] Specialized Transport sued defendant Diamond Transportation System (Diamond Transportation) for causes of action arising from a contract for transportation of commodities from Alberta, Canada, to Seattle, Washington in July 2008.[2] In its motion, Specialized Transport maintained the dispute is subject to arbitration under the parties' agreement. Diamond Transportation did not respond to Specialized Transport's motion.[3]

---

[1]Docket entry # 13.

[2]Docket entry # 1.

[3]The Local Rules for this district provide for a response within eleven days of service of a motion. *See* Local Rule CV-7(d) ("If any party opposes a motion, the respondent shall file a response and supporting documents as are then available within eleven (11) days of service of the motion. The response shall contain a concise statement of the reasons and opposition to the motion and citations of the specific legal authorities upon which the party relies. The response is limited to ten (10) pages unless otherwise authorized by the Court. If there is no response filed within the time period prescribed by this rule, the Court may grant the motion as unopposed.").

"A party cannot be compelled to submit a dispute to arbitration unless there has been a contractual agreement to do so."[4]  When a party moves to compel arbitration, "[t]he court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement."[5]  In determining whether to compel arbitration, the district court must "resolve doubts concerning the scope of coverage of an arbitration clause in a contract in favor of arbitration."[6]  When all the issues raised in the district court must be submitted to arbitration, the district court may dismiss the case.[7]

To show that its claims are subject to arbitration, Specialized Transport submitted a copy of a Diamond Transportation broker/carrier agreement, signed by the parties' representatives. The agreement includes a provision that reads as follows:

> Any dispute arising over the interpretation or application of this Agreement which cannot be resolved by the parties will be submitted to final and binding arbitration under the Rules of the ADR Council, Inc., administered by Midwest Arbitration and Mediation, Inc. of Kansas City, MO, at a point agreed upon or, if no agreement can be reached, at the point designated by the arbitrator.[8]

This provision constitutes a contractual agreement to arbitrate.  The complaint indicates Specialized Transport's claims are subject to this provision.  The failure to yet arbitrate evidences

---

[4]*Neal v. Hardee's Food Sys.*, 918 F.2d 34, 37 (5th Cir. 1990).

[5]9 U.S.C.A. § 4.

[6]*Neal*, 918 F.2d at 37.

[7]*See Alford v. Dean Witter Reynolds,*, 975 F.2d 1161, 1164 (5th Cir. 1992).

[8]Docket entry # 13, exh. 1, ¶ 11.

the parties's inability to resolve this dispute on their own.[9]  Thus, this dispute must be arbitrated.

Because the disputed issues must be arbitrated under the parties' agreement, I GRANT Specialized Transport's motion (docket entry # 13) and order the parties to ARBITRATE.

**SIGNED** on July 31, 2009.

                                                           *[signature: Nancy Stein Nowak]*
                                                           NANCY STEIN NOWAK
                                                           UNITED STATES MAGISTRATE JUDGE

---

[9]Specialized Transport stated in its alternative dispute report that it had asked Diamond Transport to arbitrate this dispute on numerous occasions.  Docket entry # 16, ¶ 1.